IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD CHERRY                                                                                    PLAINTIFF

v.                                         Civil No. 4:25-cv-04023

JOHN VAN METER, *et al*                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Texarkana Arkansas Police Department ("TAPD") Motion to Dismiss. ECF No. 7. Plaintiff has responded. ECF No. 11. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

1. **Background:**

Plaintiff Ronald Cherry filed suit against Defendant TAPD, along with John Van Meter, in his individual and official capacities as a former officer with the TAPD, Christine Knouse, in her individual and official capacities as an officer with the TAPD, Marcos Luna, in his individual and official capacities as an officer with the TAPD, Whataburger #475, and the City of Texarkana, Arkansas. ECF. No. 1. Plaintiff alleges the Defendants violated his constitutional rights and committed acts of negligence, assault, and battery. *Id.*

2. **Applicable Law:**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a federal district court should accept the allegations contained in the complaint as true. *See Young*

1

*v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001). Further, any reasonable inferences from the complaint are drawn in favor of the nonmoving party. *See id.*

A motion to dismiss is properly granted when, based on the plaintiff's own allegations, the defendant is entitled to judgment as a matter of law. *See Young,* 244 F.3d at 627. "Though *pro se* complaints are to be construed liberally, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.2004). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id. (citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

**3.      Discussion:**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law and that (2) he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Defendant TAPD argues they are a police department that is simply a department of a city, not an entity that is subject to suit, and as such, Plaintiff's Complaint against them should be dismissed. ECF No. 7.

The TAPD is not considered to be a person or legal entity subject to suit. *See e.g., Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (police department not an entity subject to § 1983 liability); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn.

1987) (sheriff's department is not a legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).   Plaintiff's claims against the TAPD are subject to dismissal.

4.   **Conclusion:**

Accordingly, I recommend Defendant TAPD's Motion to Dismiss (ECF No. 7) be **GRANTED** and Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** against them.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of August 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE