IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD CHERRY                                                          PLAINTIFF


v.                              Case No. 4:25-cv-4023


JOHN VAN METER, *et al.*                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 63. Judge Singleton recommends that Separate Defendant Double H. Burger Company, LLC d/b/a Whataburger #475's Motion to Dismiss be granted and Plaintiff's claims against this entity be dismissed without prejudice. Plaintiff has responded to the Report and Recommendation by filing two documents: (1) Motion to Reconsider Dismissal of Defendant Double H. Burger Company, LLC (ECF No. 65); and (2) a Motion to Vacate and Reconsider Dismissal of Defendant Double H. Burger Company, LLC, and Motion in Opposition to Defendant's Motion to Dismiss, With Supporting Brief (ECF No. 69). The Court will treat both documents as Plaintiff's objections to the Report and Recommendation. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff, representing himself in this matter, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights and committed acts of negligence, assault, and battery. The issue the Court addresses today is whether Plaintiff properly served Double H. Burger Company, LLC d/b/a Whataburger #475 ("Double H. Burger"). On April 8, 2025, Plaintiff served the complaint on Manager Penny Cannon, a

managerial employee of the Whataburger on State Line Avenue in Texarkana, Arkansas. ECF No. 4, pp. 5-6. The franchise owner of the Whataburger on State Line Avenue is Double H. Burger Company, LLC ("Double H. Burger"), a limited liability company organized under the laws of the state of Texas. ECF No. 55, ¶ 3. According to Jason Hablinski, a manager of Double H. Burger, no employee of the Whataburger franchise on State Line Avenue is an officer, managing agent, general agent, or any other agent authorized to accept service of process for Double H. Burger. ECF No. 55, ¶ 6. Mr. Hablinski maintains that no officer, managing agent, or any other agent authorized to receive service of process on behalf of Double H. Burger has been served with any process in this matter. ECF No. 55, ¶ 7. Double H. Burger has filed a Motion to Dismiss, arguing that it has not been properly served. ECF No. 55. Magistrate Judge Singleton recommends that the motion be granted and that all claims against Double H. Burger be dismissed without prejudice. ECF No. 63.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VIII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical*

*Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Here, Plaintiff has filed timely and specific objections, and thus the Court will conduct a *de novo* review.

### III. DISCUSSION

To serve a corporation or partnership, Federal Rule of Civil Procedure 4 provides that a plaintiff may: (1) use any method of service allowed in the state where the district court is located or where service is made; or (2) effect service by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Under Arkansas Rule of Civil Procedure 4, service on a limited liability company shall be on its registered agent for service of process or the agent's secretary or assistant; a manager or the manager's assistant or secretary; a member in which management is vested or that member's secretary or assistant; a managing or general agent of the limited liability company or that agent's secretary or assistant; or any agent authorized by appointment or by law to receive service of process. Ark. R. Civ. P. 4(f)(6). If a defendant is not served within ninety days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m).

Plaintiff confirms that Peggy Cannon, a manager at Whataburger on State Line Avenue, was served with the complaint. Plaintiff, in his objections, argues that Ms. Cannon represented

herself as a manager or agent, and thus she had apparent authority to accept service. ECF No. 65, p. 2. However, Plaintiff offers no facts to support this argument. Nothing in the record suggests that Ms. Cannon represented herself as a manager or agent of Double H. Burger, the legal entity that Plaintiff was required to serve. Plaintiff has not served the complaint on any officer or agent of Double H. Burger. Instead, Plaintiff served a managerial employee of Whataburger on State Line Avenue, who is not authorized to accept service on behalf of Double H. Burger. Thus, the Court agrees with Magistrate Judge Singleton that Double H. Burger was not properly served and finds that all claims against Double H. Burger should be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff notes that he did not receive a copy of the Motion to Dismiss filed by Double H. Burger and thus did not respond to the motion. The Court notes that the certificate of service states that Plaintiff was served with a copy of the Motion to Dismiss via electronic filing. ECF No. 55. However, because Plaintiff is representing himself, he cannot be served via electronic filing and must be served by regular mail. Nevertheless, upon *de novo* review, the Court has considered Plaintiff's arguments in his objections (ECF Nos. 65, 69) as to why Double H. Burger's Motion to Dismiss should be denied. These arguments, however, are futile because the record clearly demonstrates that no agent or officer of Double H. Burger has been served. Accordingly, the Court must dismiss all claims against Double H. Burger.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Singleton's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 63) *in toto*. Plaintiff's claims against Double H. Burger, LLC d/b/a Whataburger #475 are **DISMISSED**

**WITHOUT PREJUDICE**.  Further, Plaintiff's Motion to Reconsider Dismissal of Defendant Double H. Burger Company, LLC (ECF No. 65) and Motion to Vacate and Reconsider Dismissal of Defendant Double H. Burger Company, LLC (ECF No. 69) are **DENIED**.

**IT IS SO ORDERED**, this 13th day of May, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge