**IN THE UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF ARKANSAS**

**Texarkana Division**

Ronald Cherry, v.

Pro Se Plaintiff,

Officer John Van Meter (ret.),
Texarkana Arkansas Police Department,
City of Texarkana, Arkansas,
Officer Christine Knouse,
Officer Marcos Luna,
DOUBLE H. BURGER COMPANY, LLC, d/b/a
Whataburger #475Arkansas

Case No. 4:25-cv-4023

Defendants.

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

Plaintiff Ronald Cherry, pro se, moves under Fed. R. Civ. P. 59(e) to alter or amend the judgment following the October 22, 2026 Order (ECF No. 123), adopting ECF No. 114, granting summary judgment (ECF No. 90), and dismissing remaining claims WITH PREJUDICE. Plaintiff files a separate supporting brief under Local Rule 7.2(a) and seeks correction of identified errors, reinstatement of viable claims, and jury trial where warranted.

**I. MATERIAL GROUNDS FOR RECONSIDERATION**

1. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Tolan v. Cotton, 572 U.S. 650 (2014), require reasonable inferences for the nonmovant at summary judgment. Plaintiff contends the Court resolved material disputes about trespass, officer knowledge, and force instead of leaving genuinely disputed historical facts for a jury.

2. ECF No. 91, paragraphs 49 and 51, describes leaving the 'drive-through lane' or 'line.' ECF No. 1, paragraphs 21 and 28, alleges an invitation to circle the drive-through again and Knouse's acknowledgment that Plaintiff was checking his order. Knouse allegedly said, 'I know you

3. ECF No. 123 at 2–3 states that Van Meter initially asked Plaintiff to exit 'to have a discussion.' Plaintiff understood that initial request as an invitation to a consensual conversation, not notice of arrest: Knouse had earlier acknowledged his statement that he had committed no crime, and Van Meter had not announced an arrest. Plaintiff was already speaking through the window and declined further voluntary conversation. Even an investigative detention does not generally compel answers to questions. Berkemer v. McCarty, 468 U.S. 420, 439 (1984). The Court later found that Van Meter clearly ordered him out; Plaintiff challenges the independent lawful basis and degree of force, not the clarity of that later command. This was not a traffic stop automatically governed by Pennsylvania v. Mimms, 434 U.S. 106 (1977). Van Meter broke the window before announcing arrest. Plaintiff also described knee and exit-space limits and identified approximately 46 seconds from arrival to window-breaking.

4. The Court found no flight or immediate threat and identified a nonsevere offense. ECF No. 123 at 7. Plaintiff asks whether the Court sufficiently distinguished passive noncompliance from physical danger and assessed window-breaking, threatened spray, extraction, and cuffs separately. Pre-incident Eighth Circuit cases include Mitchell v. Kirchmeier, 28 F.4th 888 (8th Cir. 2022); Shannon v. Koehler, 616 F.3d 855 (8th Cir. 2010); Brown v. City of Golden Valley, 574 F.3d 491 (8th Cir. 2009); and Jackson v. Stair, 944 F.3d 704 (8th Cir. 2019). Some reasonable force against passive resistance is permissible.

5. Plaintiff requests consideration of all camera perspectives; Van Meter's view from the driver's side; known knee and space limitations; General Order 1102.03 (ECF No. 115-1); counseling and emotional-distress evidence (ECF No. 113-12); and relevant pre-incident municipal-notice evidence for proper purposes only. He also challenges footnote 3's conclusion that ECF No. 1 did not present a distinct unlawful-seizure theory.

**II. WHATABURGER AND CORRECTIVE SERVICE**

6. Plaintiff requests reconsideration, if available, of ECF No. 106 dismissing Double H Burger Company, LLC d/b/a Whataburger #475 WITHOUT PREJUDICE. Plaintiff sued the business, not its owners, and served Ms. Cannon, a restaurant manager. Fed. R. Civ. P. 4(h) and Ark. R. Civ. P. 4(f)(6) permit service upon qualifying business agents. Bell v. Pulmosan Safety Equip. Corp., 906 F.3d 711 (8th Cir. 2018), discussing Lyons v. Forrest City Mach. Works, Inc., 301 Ark. 559 (1990), and May v. Bob Hankins Distrib. Co., 301 Ark. 494 (1990), explains functional management authority but invalidated service on its facts. Ms. Cannon's duties, not her title alone, control. Alternatively, Rule 4(m) allows additional time for corrective service. Kurka v. Iowa County, 628 F.3d 953 (8th Cir. 2010). Plaintiff also requests disposition of any later pending rejoinder motion.

### III. REQUEST FOR RELIEF

Plaintiff requests (1) Rule 59(e) relief upon a showing of manifest error; (2) vacatur or alteration of summary judgment on legally viable Fourth Amendment and dependent claims; (3) reconsideration of force and qualified immunity using the entire record and law established by April 2022; (4) review of the pleading issue in footnote 3; (5) appropriate disposition of ECF No. 106, corrective service, and any later Whataburger motion; (6) restoration of surviving claims to the jury-trial docket where Rule 56 requires it; and (7) other just relief. Plaintiff seeks impartial factfinding, not a guaranteed verdict.

Respectfully submitted,

Ron C

Ronald Cherry
20 BriarRidge Dr.
Texarkana, Arkansas 71854
903-277-6997
Ronlcherry2367@hotmail.com

11-18-2026